Sociedad Agrícola de Gurabo *v.* The Registrar of Property.

Appeal from a decision of the Registrar of Property of Caguas.

No. 127.—Decided October 17, 1912.

Administrative Appeals—Doduments Sent by Mail—Filing Appeal in Supreme Court.—Within the 20 days after the service of notice of the decision of a registrar of property the documents establishing an appeal there-

from must be filed in the Supreme Court, and even supposing that such documents were deposited in the post office within the legal period, according to rule 2 of this court in connection with section 3 of the act governing administrative appeals, until said documents are received in the office of the secretary of the Supreme Court, whether forwarded by mail or otherwise, they will not be considered as filed in said office of the secretary.

The facts are stated in the opinion.

*Mr. Andrés Mena* for appellant.

Mr. Chief Justice Hernández delivered the opinion of the court.

Upon presentation in the Registry of Property of Caguas of the record of possessory title to two houses situated in the town of Gurabo, obtained in proceedings instituted by the *Sociedad Agrícola de Gurabo,* the registrar refused to admit the same to record, according to his note of August 7, 1912, on the ground that the said houses are situated on lots belonging to the municipality of Gurabo.

Notice of the foregoing note was served on the 15th of the said month of August, and on the same date the document was withdrawn, and on September 9 following the same was filed in the office of the secretary of this court together with a brief in support of the appeal from said note.

As may be seen, the filing of the document above referred to, together with the brief of the interested party, was made in the office of the secretary of the Supreme Court after the 20 days provided for the purposes of appeal by section 3 of the law relative to appeals from decisions of registrars, approved March 1, 1902, had elapsed.

Appellant alleges and endeavors to prove that he mailed the documents in the post office of Caguas within the legal period provided therefor—that is to say, on September 1 last—but, inasmuch as section 3 of the law referred to provides that documents shall be filed in the Supreme Court within 20 days following the notification of the refusal to admit them to record, and rule 2 of our Rules provides that "no record, transcript, or other document or paper, shall be deemed to have been received by the secretary until the same

is actually delivered to him in his office, whether sent by mail or otherwise," the conclusion necessarily follows that this appeal has been taken out of time, and that, therefore, we have no jurisdiction to consider and decide it.

For the foregoing reasons the appeal should be dismissed.

*Appeal dismissed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.